**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN T. LONG,**

      **Plaintiff,**

      v.                          **CASE NO.  21-3167-SAC**

**MICHAEL A. JOHNSTON, et. al,**

      **Defendants.**


**MEMORANDUM AND ORDER**
**AND ORDER TO SHOW CAUSE**

      Plaintiff John T. Long, is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his claims in Count I should not be dismissed.  The Court has conducted an initial screening of the Complaint and finds a responsive pleading is necessary for Counts II through VI.

**I.  Nature of the Matter before the Court**

      Plaintiff brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331.[1]  Plaintiff is incarcerated at the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas ("USDB"). Plaintiff's Complaint contains six counts.

      In Count I, Plaintiff claims that the Commandant and Discipline and Adjustment ("D&A") Board violated his due process rights at three disciplinary hearings.  (Doc. 3–2, at 10.) Plaintiff alleges that his punishment resulting from the D&A Boards caused him injury in that it lengthened his confinement.  *Id*. at 12.  At the D&A Board occurring during May or June 2018, Plaintiff alleges that he was found guilty of a lesser-included offense that was added at the Board

---

[1] Although Plaintiff also references § 1983 in his Complaint, federal officials generally act under color of federal, not state, law and therefore may not be sued under § 1983.

without prior notice.  *Id*. at 13–14.  Plaintiff alleges that he was not allowed to appeal the D&A Board's findings.  *Id*. at 17.

Plaintiff alleges that in April 2019 he was retried after being found not guilty at his D&A Board.  Plaintiff alleges that this constitutes double jeopardy.  *Id*. at 18.  Plaintiff claims that at his D&A Board in June 2017 he was not given information or evidence of what items were used in finding him guilty of profiteering/racketeering.  *Id*. at 18–19.  Plaintiff alleges that he appealed the conviction, and his appeal was denied.  *Id*. at 19.

In Count II, Plaintiff alleges that the Commandant and staff violated his Fourth Amendment privacy rights.  Plaintiff claims that "defendant" conducted routine strip searches in front of numerous inmates and female guards while male guards ordered inmates to perform demeaning and humiliating acts.  *Id*. at 20.  Plaintiff alleges that on three occasions between May 2020 and February 2021, Colonel Johnston performed targeted mass shake-downs of the November Housing Unit looking for contraband.  *Id*.  Plaintiff alleges that during two of the searches the inmates were strip searched in their doorways in plain view of the other inmates and female guards that were in the housing unit.  *Id*.  Plaintiff alleges that inmates were ordered to expose their genitals and spread their butt cheeks while squatting and the cameras in the housing unit exposed all the inmates to view from the soldiers in the housing unit control and main control where they have the ability to review the footage on demand.  *Id*.  Plaintiff makes similar allegations regarding shake-downs in the SHU on three occasions between January 2018 and March 2020.  *Id*.  Plaintiff alleges that these abusive strip searches also violated his Eighth Amendment rights.  *Id*. at 21.

Plaintiff alleges that over the last five years PREA complaints regarding staff are routinely found to be unfounded.  *Id*. at 21.  Plaintiff alleges that after complaining and reporting

his concerns he was targeted for strip searches.  *Id.*

As Count III, Plaintiff alleges that the Commandant and staff violated his Fourth Amendment rights by conducting routine strip and frisk searches with dirty gloves and by exposing inmates to regular video surveillance while naked in the visitation room which is accessible by guards of the opposite sex.  Plaintiff alleges that inmates were recorded performing private bodily functions in this same visitation room.  Plaintiff alleges that frisk searches during mass movements and strip searches of inmates in visitation are conducted without changing gloves in between searches and after handling inmates' soiled undergarments.  *Id.* at 22.  Plaintiff alleges that strip searches are routinely done in the SHU and gym without video surveillance, therefore there is no need to record searches done in the visitation bathroom.  *Id.*

As Count IV, Plaintiff alleges that the Commandant and staff violated his Eighth Amendment rights by keeping him in solitary confinement for an atypical duration while exposing him to repeated frisk and strip searches and excessive heat, humidity, cold, inadequate ventilation, very limited exercise, and almost constant lighting.  *Id.* at 22–23.

Plaintiff alleges in Count V that the Commandant and staff violated his Eighth Amendment rights by conducting routine strip searches after non-contact visits with friends and family.  *Id.* at 26.  Plaintiff alleges that he had non-contact visits in May 2021 and was strip searched after each visit while he was in general population.  Plaintiff also alleges that he was strip searched after non-contact visits with his child's mother when he was in the SHU.  Plaintiff alleges that these strip searches are not related to a legitimate security need and are designed to harass and demean inmates.  *Id.*

Plaintiff alleges in Count VI that the Commandant and staff violated his Eighth Amendment rights by allowing continuous sexual abuse of inmates by staff and provided no

meaningful review or protections guaranteed under the inmates' rights given under the PREA. *Id*. Plaintiff alleges that he has been subject to hundreds of frisk and strip searches at the USDB, but on three occasions he experienced sexual assaults by three different staff members. *Id*. at 26–27. Plaintiff alleges that he was subjected to "non-standard" frisk searches where the guard touched, grabbed or fondled his penis, nipples and anus. *Id*. Plaintiff alleges that "the facility" allows this conduct to continue without accountability, finding almost all claims to be unfounded. *Id*. at 27–28. Plaintiff claims that he reported all three incidents, and all were found to be unfounded. *Id*. at 28. Plaintiff alleges that these abusive searches are conducted by a few guards to selected inmates at selected times. *Id*.

Plaintiff names as Defendants: Michael A. Johnston, USDB Commandant; John Snyder, USDB Deputy Commandant; and Anthony Mendez, USDB Director of Operations. Plaintiff asks the Court to have "defendant" explain why all of Plaintiff's PREA complaints were determined to be unfounded. *Id*. at 29. Plaintiff also seeks declaratory and injunctive relief. *Id*. at 30–32. Plaintiff seeks to have the recommendations of the D&A Board set aside and to have any reference to his charges expunged from his CTF (inmate disciplinary records). *Id*. at 31. Plaintiff also seeks to have his good year credits returned. *Id*. at 32.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. Habeas Nature of Claim

Plaintiff originally filed this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Because Plaintiff included challenges to his conditions of confinement, he was provided with a form for filing an action under 28 U.S.C. § 1331.  Claims challenging a prisoner's conditions of confinement do not arise under § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (contrasting suits under Section 2241 and conditions of confinement claims). Therefore, to the extent Plaintiff's claims challenge the conditions of his confinement, rather than the duration of his confinement, they are not cognizable in a habeas action. *See Requena v. Roberts*, 552 F. App'x 853, 855 (10th Cir. 2014) (unpublished).

Plaintiff resubmitted his claims on the § 1331 form.  (Doc. 3.)  However, Plaintiff's claims in Count I regarding his disciplinary proceedings must be brought in an action under § 2241.  *See, e.g., Brown v. Johnston*, Case No. 21-3010-JWL, 2021 WL 4206330 (D. Kan.

Sept. 16, 2021) (challenge to disciplinary proceedings at the USDB were brought under 28 U.S.C. § 2241).  The Clerk is directed to send Plaintiff a form for filing a habeas action under § 2241 for use if he elects to challenge his disciplinary proceedings in a separate habeas action. Plaintiff should show good cause why his claims in Count I should not be dismissed.

### 2.  Non-Habeas Claims

Plaintiff is barred by the *Feres* doctrine from seeking monetary damages.  *See Feres v. United States*, 340 U.S. 135 (1950) (determining that the Federal Torts Claims Act did not operate as a waiver of sovereign immunity in an action brought by active-duty military personnel); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (applying the *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens*, holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations"); *see also Walden v. Bartlett*, 840 F.2d 771, 773 (10th Cir. 1988) (finding that the *Feres* rationales extend beyond a damage action based on the FTCA and *Bivens* and "require abstention in a damage action arising from the Constitution if the *Feres* 'incident to service' test is met").

Plaintiff appears to be only seeking declaratory and injunctive relief regarding his claims in Counts II through VI.  *See Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988) (allowing claims for injunctive and declaratory relief against military officials); *Rios v. Commandant*, 100 F. App'x 706, n.1 (10th Cir. 2004) (unpublished) (noting that the court has held that "[a military prisoner's] claims for injunctive and declaratory relief [were] not barred by the *Feres* doctrine.") (quoting *Walden v. Bartlett*, 840 F.2d 771, 774 (10th Cir. 1988)); *but see Bork v. Carroll*, 449 F. App'x 719, 721 (10th Cir. 2011) (unpublished) (finding that a plaintiff seeking to invoke the jurisdiction of the federal courts bears the burden of identifying an applicable statutory waiver of

sovereign immunity when challenged to do so; that *Walden* did not address the "separate and independently significant" question of waiver of sovereign immunity; and finding it unnecessary to decide whether someone in plaintiff's shoes could invoke the jurisdiction of the federal courts by relying on the APA's waiver of sovereign immunity, 5 U.S.C. § 702, or on an exception to federal sovereign immunity).

The Court has conducted an initial screening of the Complaint and finds a responsive pleading is necessary for Counts II through VI.  The Court directs the Clerk of the Court to undertake service of process under Fed. R. Civ. P. 4(c)(3).

### 3.  Request for Discovery

To the extent Plaintiff seeks discovery in this case, such a request is denied.  (Doc. 3–2, at 29–30.)  Any request for discovery at this stage of the proceedings is denied as premature.

## IV.  Response Required

Plaintiff is required to show good cause why his claims in Count I should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 27, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims in Count I should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall prepare waivers of service and transmit them to the Defendants. The Defendants shall have thirty (30) days from entry of this order to file a waiver of service executed or a waiver of service unexecuted. Upon the filing of the waiver of service executed, Defendants shall have sixty (60) days to answer or otherwise respond to Counts II through VI of the Complaint.

Copies of this Memorandum and Order shall be transmitted to the U. S. Attorney for the District of Kansas.

The Clerk is directed to send § 2241 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 3, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**