IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN T. LONG, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 21-3167-JWL |
| MICHAEL A. JOHNSTON, et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a military prisoner, brought this civil rights action *pro se*, alleging that the three defendants violated his constitutional rights with respect to his prison conditions. This matter comes before the Court on defendants' motion seeking summary judgment based on a failure to exhaust administrative remedies, or alternatively seeking dismissal for a failure to state a claim (Doc. # 29). Because the Court concludes that plaintiff failed to exhaust administrative remedies as required, it **grants** the motion for summary judgment, and judgment shall be entered in favor of defendants. The alternative motion to dismiss is **denied as moot**.

### I. Background

Plaintiff is a military prisoner at the United States Disciplinary Barracks (USDB) at Fort Leavenworth in Kansas. On August 10, 2021, plaintiff filed his complaint asserting

six claims.  By Memorandum and Order of December 3, 2021, the Court ordered plaintiff to show cause why Count I, by which plaintiff sought habeas relief, should not be dismissed.  Plaintiff responded by filing a separate petition pursuant to 28 U.S.C. § 2241 by which he sought habeas relief; accordingly, the Court, by Memorandum and Order of December 29, 2021, dismissed Count I from this action.

On August 1, 2022, defendants filed a motion for summary judgment on plaintiff's remaining five claims, by which he seeks declaratory and injunctive relief.  Defendants argued that plaintiff failed to exhaust administrative remedies, and they also challenged the sufficiency of plaintiff's pleading and the merits of the claims.  By Order of September 23, 2022, the Court denied the motion without prejudice and set a deadline for defendants to file a motion for summary judgment in compliance with D. Kan. Rule 56.1 that addressed only the exhaustion issue.  Defendants filed the instant motion, plaintiff filed a response, defendants filed a reply, and the motion is now ripe for ruling.

## II.    Failure to Exhaust

Defendants argue that plaintiff failed to exhaust administrative remedies, and they seek summary judgment on that basis.[1]  The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring an action with respect to prison conditions under federal law "until such administrative remedies as are available are exhausted."  *See* 42

---

[1] Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a).

U.S.C. § 1997e(a). That exhaustion requirement is mandatory, meaning " a court may not excuse a failure to exhaust, even to take [special] circumstances into account;" judicial discretion is foreclosed. *See Ross v. Blake*, 578 U.S. 632, 638-39 (2016). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *See Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). Defendants bear the burden of showing a failure to exhaust here. *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

The PLRA's exhaustion requirement applies on its face to a military prisoner such as plaintiff. *See* 42 U.S.C. § 1997e(a); *see also Murphy v. Hylton*, 2007 WL 1201517, at *3 (D. Kan. Apr. 23, 2007) (military prisoner must exhaust under Section 1997e(a) regarding conditions at the USDB); *Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1262-65 (D. Kan. 1999) (applying PLRA's exhaustion requirement in suit by military prisoner). Plaintiff has not disputed that he is subject to the PLRA's exhaustion requirement.

Article 138 of the Uniform Code of Military Justice provides a procedure for military prisoners to assert grievances. *See* 10 U.S.C. § 938. Specific procedures and requirements for asserting a grievance under Article 138 are mandated by Army regulation. The military requires compliance with Article 138 for the exhaustion of administrative remedies. *See United States v. Guinn*, 81 M.J. 195, 203 (C.A.A.F. 2021) (citing *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)); *see also Woodrick v. Hungerford*, 800 F.2d 1413 (5th Cir. 1986) (in habeas action, military prisoner failed to exhaust administrative remedies because he did not first assert a grievance under Article 138); *Levy v. Dillon*, 286 F. Supp. 593, 595-97 (D. Kan. 1968) (same).

Thus, plaintiff was required to seek relief for these grievances by filing a written complaint under Article 138 before filing this action.  Defendants have submitted evidence that plaintiff has never filed an Article 138 complaint asserting these issues or any other issues.  Plaintiff does not dispute that he had not filed a complaint complying with the specific requirements under Article 138.  Accordingly, plaintiff has failed to exhaust available administrative remedies.

Plaintiff argues – without evidence other than the statement in his sworn brief – that he spoke to many officials within and outside his prison about his issues and that those efforts should suffice.  As noted above, however, substantial compliance is not enough, and plaintiff has not complied with the specific requirements for a complaint under Article 138.  Plaintiff also notes that two of the defendants are civilians, but he has not explained why he could not have obtained relief from the challenged conduct under Article 138.

Plaintiff also notes – citing defendants' own statement of facts – that he filed five separate Prison Rape Elimination Act (PREA) complaints, and he further points to allegations he made in certain court-martial proceedings in which he sought a sentence reduction.  Those complaints did not necessarily involve the same issues as those raised in this action, however; as defendants note, there is no record that plaintiff ever raised the issues involved in four of plaintiff's five remaining claims, and those four claims would thus be subject to dismissal for failure to exhaust even without requiring compliance with the Article 138 complaint procedures.  Moreover, as discussed, plaintiff failed to take advantage of an available remedy under Article 138 with respect to any issue.  *See Guinn*,

4

81 M.J. at 203 (exhaustion required use of *both* the applicable prison grievance system and an Article 138 complaint).[2]

Plaintiff has not cited or argued for any exception to the exhaustion requirement. Because plaintiff did not take advantage of an available administrative remedy by filing a complaint under Article 138 in compliance with applicable procedures, the Court concludes as a matter of law that plaintiff failed to exhaust as required under the PLRA. Accordingly, defendants are entitled to judgment on plaintiff's remaining claims.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for summary judgment based on a failure to exhaust (Doc. # 29) is hereby **granted**, and defendants are awarded judgment on plaintiff's remaining claims. Defendants' alternative request for dismissal for failure to state a claim is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2022, in Kansas City, Kansas.

/s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] Defendants have also provided evidence that the military court-martial, in denying plaintiff's request for the sentence reduction, found that plaintiff had not exhausted administrative remedies as required because he had not filed any Article 138 complaint.

[3] In light of this ruling, the Court need not address defendants' alternative request for dismissal for failure to state a claim, which request the Court denies as moot.